[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10839

Non-Argument Calendar

_____

TOMAS MIKO,

Plaintiff-Appellee,

*versus*

REPRESENTATIVE VERNON JONES,
in his individual and official capacities,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02147-SDG

2                    Opinion of the Court                23-10839

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

Vernon Jones, a former Georgia state representative, appeals the denial of his motion for relief from the default judgment, Fed. R. Civ. P. 60(b)(4), entered in favor of Tomas Miko. Jones argues that the default judgment is void for lack of service of process. We affirm.

We review the denial of a motion to vacate a default judgment as void for lack of service of process *de novo*. *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 748 (11th Cir. 2016). Whether the requirements of service of process were met involves questions of law and fact, *see In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003), and we review findings of fact only for clear error, *Mitchell v. Hillsborough Cnty.*, 468 F.3d 1276, 1282 (11th Cir. 2006). Personal delivery of a copy of the summons and complaint is a valid method of service. Fed. R. Civ. P. 4(e)(2)(A); O.C.G.A. § 9-11-4(e).

The district court did not err in ruling that the default judgment is not void. Abundant evidence established that Miko properly served Jones, and that evidence supports the finding that Jones's story to the contrary—including that he was unaware of this lawsuit for nearly three years despite it being publicized in the news—was not credible.

23-10839                Opinion of the Court                3

At the hearing on Jones's motion, Miko's attorney stated that he sent emails to Jones's official email address, but Jones said he "didn't even know that email existed." Miko's attorney stated that he left a voicemail with Jones's state capitol office, but Jones said he did not recall receiving the message. Miko's attorney and the district court mailed several documents about the order of default and motion for default judgment to Jones at multiple addresses including his address in Lithonia, which was the home address he provided to his political party, but Jones said that he could not recall receiving any documents. Jones maintained that he learned about the lawsuit on the day the district court entered the default judgment when his friend texted him a news article about it. Miko's process server attempted to serve Jones twice—once at Jones's state capitol office when he was not there and once at his Lithonia address, where a woman answered the door and denied that Jones lived there even though the process server, who had studied Jones's image and voice, saw a man matching Jones's description inside the home and a car with a "Vernon Jones for Senate" bumper sticker parked outside the home.

Convinced that Jones "clearly wasn't intending to be served," Miko hired a private investigator with a military intelligence background to serve Jones. The investigator attested that on November 28, 2020, he followed a man matching Jones's description from a home on Moreland Avenue, which Jones admitted he owned, to a shopping plaza about 13 miles away. The investigator greeted him, "Mr. Jones, how are you today, sir," and heard the individual respond in a voice that matched Jones's voice. Jones

accepted service but then denied that he was "Vernon" Jones. Jones argued that he could not have been the "Mr. Jones" who traveled from his Moreland Avenue house to the shopping plaza because he flew that day from Fort Lauderdale to Atlanta and, after arriving around 2:20 p.m., visited a restaurant in downtown Atlanta, where his bank statement confirmed he spent about $30.

We cannot say the district court committed clear error. The district court determined that, although Jones's testimony about the flight and restaurant was credible, there still were "lots of hours in that day that [were] unaccounted for" by his explanation, so it credited the declaration of the private investigator and the testimony of Miko's attorney. *See United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005) ("Where the factfinding resolves a swearing match of witnesses, the resolution will almost never be clear error."). Because the record supports the finding that Jones was properly served, Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4(e), the default judgment against him is not void, Fed. R. Civ. P. 60(b)(4).

We **AFFIRM** the denial of Jones's motion for relief from the default judgment.